IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PACIFIC ELITE FUND INC., | CASE NO. 5:12-cv-03805 EJD |
| Plaintiff(s), | **ORDER REMANDING CASE** |
| v. | |
| JESUS PEREZ, et. al., | |
| Defendant(s). | |

Defendants Jesus Perez and Natividad Perez ("Defendants") removed the instant unlawful detainer action from Santa Cruz County Superior Court on July 20, 2012. See Docket Item No. 1. At that time, Defendants filed only a Notice of Removal and nothing more. Accordingly, the magistrate judge originally assigned to this action ordered Defendants to comply with 28 U.S.C. § 1446(a) by filing a copy of "all process, pleadings, and orders served upon such defendant or defendants in this action" no later than August 3, 2012. See Docket Item No. 5. The case was then reassigned to the undersigned on August 10, 2012. See Docket Item No. 7.

To date, Plaintiffs have not complied with the order of the magistrate judge, and their failure to do so raises the issue of subject matter jurisdiction. This term "refers to a tribunal's power to hear a case, a matter that can never be forfeited or waived." Union Pac. R.R. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, 130 S. Ct. 584, 596 (2009). It can be raised at any time during the course of a proceeding by the parties or by the court. See Fed. R. Civ. Proc. 12(h)(3); see also Snell v. Cleveland, 316 F.3d 822, 826 (9th Cir. 2002).

1
CASE NO. 5:12-cv-03805 EJD
ORDER REMANDING CASE

Since this action was removed from state court, well established jurisdictional principles must be applied to determine whether the case is properly before the district court. Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). Only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a), (b).

When removal is based on the presence of a federal question, the court looks to the face of a well-pleaded complaint to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, (1983)). "[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The complaint as it existed at time of removal dictates whether removal jurisdiction is proper. Libhart, 592 F.2d at 1065.

An anticipated or even actual federal defense or counterclaim is not sufficient to confer jurisdiction. Constr. Laborers Vacation Trust, 463 U.S. at 10.

Here, Defendants have not provided a copy of the complaint. The court is therefore unable to confirm Defendants' representation in the Notice of the Removal that the Complaint a federal question. In any event, it is unlikely that federal question jurisdiction arises from this case, which appears to be purely one for unlawful detainer. See, e.g., Fed. Nat'l Mortg. Assoc. v. Lopez, No. C 11-00451 WHA, 2011 U.S. Dist. LEXIS 44818, at *1, 2011 WL 1465678 (N.D. Cal. Apr. 15, 2011);

2
CASE NO. 5:12-cv-03805 EJD
ORDER REMANDING CASE

1  GMAC Mortg. LLC v. Rosario, No. C 11-1894 PJH, 2011 U.S. Dist. LEXIS 53643, at *2, 2011 WL

2  1754053 (N.D. Cal. May 9, 2011); Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx),

3  2010 U.S. Dist. LEXIS 130517, at *2, 2010 WL 4916578 (C.D. Cal. Nov. 22, 2010).

4       Because the court finds that it lacks subject matter jurisdiction, this case is REMANDED to

5  Santa Cruz County Superior Court.  The clerk shall close this file.

6  **IT IS SO ORDERED.**

8  Dated:  August 28, 2012



EDWARD J. DAVILA
United States District Judge